**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: COMMONWEALTH'S MOTION** | : | |
| **TO APPOINT NEW COUNSEL** | : | |
| **AGAINST OR DIRECTED TO DEFENDER** | : | |
| **ASSOCIATION OF PHILADELPHIA** | : | **MISCELLANEOUS ACTION** |
| **COMMONWEALTH OF PENNSYLVANIA,** | : | **NO. 13-62** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FRANCIS BAUER HARRIS,** | : | |
| **Defendant.** | : | |
| | : | |

**<u>DEFENDER ASSOCIATION OF PHILADELPHIA'S RESPONSE TO THE
COMMONWEALTH'S POST-ARGUMENT SUBMISSION</u>**

David Richman (PA 04179)
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Patrick J. Carome (pro hac vice)
Paul R.Q. Wolfson (pro hac vice)
Joshua M. Salzman (pro hac vice)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

*Attorneys for Respondent Defender Association of Philadelphia*

## TABLE OF CONTENTS

Page

I.  This Proceeding Should be Dismissed With Prejudice.........................................................2

    A.  This Court Has Jurisdiction, But The Commonwealth Does Not Have A Legally Protected Interest At Stake ......................................................................3

    B.  The Commonwealth's Remand Arguments Remain Unavailing..........................10

    C.  The Commonwealth Provides No Argument Regarding Waiver .........................14

II.  Mr. Harris Does Not Require Separate Counsel, But Should The Court Deem It Appropriate, His FCDO Attorneys Are Available To Participate In This Proceeding On His Behalf ..............................................................................................................15

CERTIFICATE OF SERVICE .....................................................................................................1

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Arizona v. Manypenny*,
 451 U.S. 232 (1981)........................................................................................4

*ASARCO v. Kadish*,
 490 U.S. 605 (1989)........................................................................................4

*Astra U.S.A., Inc. v. Santa Clara County*,
 131 S.Ct. 1342 (2011)..................................................................................8, 9

*Bowers v. NCAA*,
 475 F.3d 524 (3d Cir. 2007)..........................................................................13

*Buckman Co. v. Plaintiffs' Legal Committee*,
 531 U.S. 341 (2001)........................................................................................9

*Commonwealth Ins. Co. v. Graphix Hot Line Inc.*,
 808 F. Supp. 1200, (E.D. Pa. 1992) ..............................................................14

*Greene v. CitiGroup Inc.*
 No. 99-1030, 2000 WL 647190 (10th Cir. May 19, 2000).............................5

*International Primate Protection League v. Administrators of Tulane Educ. Fund*,
 895 F.2d 1056 (5th Cir. 1990) ........................................................................6

*International Primate Protection League v. Administrators of Tulane Educational Fund*,
 500 U.S. 72 (1991)..........................................................................................6

*International Primate v. Administrators of Tulane Education Fund*,
 No. 93-3067, 1994 WL 198950 (5th Cir. May 9, 1994).................................6

*Lujan v. Defenders of Wildlife*,
 504 U.S. 555 (1992)........................................................................................3

*Maine Ass'n of Interdependent Neighborhoods, Inc. v. Comm'r, Maine Dep't of Human Srvcs.*
 ("*M.A.I.N.*"), 876 F.2d 1051 (1st Cir. 1989)..................................................5

*Maine Ass'n of Interdependent Neighborhoods, Inc. v. Petit*,
 644 F. Supp. 81 (D. Me. 1986) .......................................................................6

*Mesa v. California*,
 489 U.S. 121 (1989)........................................................................................4

*NASDAQ OMX PHLX, Inc. v. PennMont Securities*,
    52 A.3d 296, 314 .................................................................................................7

*Simonca v. Mukasey*,
    No. S-08-1453, 2008 WL 5113757, (E.D. Cal. Nov. 25, 2008) ...............................6

*Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*,
    552 U.S. 148 (2008) .............................................................................................7

*United States v. Merced-Calderon*,
    2011 WL 2462061 (E.D. Pa. June 20, 2011) .......................................................15

*United States v. Moscony*,
    697 F. Supp. 888 (E.D. Pa. 1988) ......................................................................15

*United States v. Santiago*,
    __ F. Supp. 2d __, 2013 WL 68623 (E.D. Pa. Jan. 3, 2013).................................15

*Watson v. Philip Morris Cos.*,
    551 U.S. 142, (2007) ..........................................................................................12

*Weeks v. Independent Sch. Dist. No. I-89*,
    230 F.3d 1201 (10th Cir. 2000) .........................................................................13

**FEDERAL STATUTES**

18 U.S.C. § 3599 .......................................................................................... passim

28 U.S.C. § 1442 .......................................................................................... passim

28 U.S.C. § 1442(a)(1)...........................................................................................10

28 U.S.C. § 1442(d) ..............................................................................................13

28 U.S.C. § 1446(g) ..............................................................................................13

28 U.S.C. § 1447(c) .................................................................................................3

**OTHER AUTHORITIES**

Hart & Wechsler's The Federal Courts and the Federal System 709 (6th ed. 2008) .....................7

## INTRODUCTION

At the hearing on May 7, 2013, this Court suggested that the Commonwealth of Pennsylvania provide supplemental briefing on three specific topics.  First, after observing that the Commonwealth's response (Dkt. No. 11) to this Court's Order to Show Cause of March 26, 2013 (Dkt. No. 4) failed to establish that the Commonwealth has standing to enforce Section 3599, the Court afforded the Commonwealth another opportunity to demonstrate that it has an interest in enforcing that *federal* funding statute.  5/7/2013 Tr. 84, 111.  Second, the Court asked for the Commonwealth's "position on whether or not Francis Bauer Harris needs to be involved in this particular litigation and arguments with counsel of his own."  *Id.* at 131.  And third, after noting that the FCDO has served as Harris's counsel in the PCRA proceedings without objection for more than eight years, the Court suggested that the Commonwealth address the question of whether it had waived any right to object to FCDO counsel's representation of Harris.  *Id.* at 85, 104, 111, and 121.

The Commonwealth's Post-Argument Submission (Dkt. No. 31) fails to answer any of these questions, and instead merely rehashes arguments from its prior submissions.  Indeed, in addressing the first topic, the Commonwealth cites only a single case, and relies almost exclusively on citations to the Commonwealth's prior response to the Order to Show Cause—the very same submission this Court has already found to be inadequate.  5/7/2013 Tr. 84 ("You didn't answer my rule to show cause.").  The reason for the Commonwealth's repeated failure to establish its interest in enforcing Section 3599 is simple:  the Commonwealth has none.  While this shortcoming is properly considered an absence of a right of action rather than a lack of standing (at least in an Article III sense), under either heading this defect is fatal to the Commonwealth's position and compels dismissal with prejudice of the Commonwealth's claim.

As to the second topic on which this Court requested supplemental briefing, the

Commonwealth fails to provide a position regarding whether Harris should be separately represented in these proceedings, and instead contorts this Court's question into an excuse to reprise its argument that the FCDO is not a proper removing party and that only Harris could properly have removed this proceeding.  For reasons that the FCDO has already explained (Dkt. No. 24 at 11-12), the Commonwealth is mistaken.  As for whether Harris should be separately represented in these proceedings, practice within this district, and the absence of any conflict of interest between the FCDO and Harris, suggest that there is no need for Mr. Harris to be separately represented.  Nevertheless, should the Court deem it appropriate to hear from someone who can speak directly on Mr. Harris's behalf, then Matthew Lawry and Peter Williams, the FCDO attorneys representing Mr. Harris in the Pennsylvania Post-Conviction Relief Act proceeding, are prepared to participate in any future hearings before this Court as counsel for Mr. Harris.

Finally, the Commonwealth makes no effort to address the question of waiver.  It thus provides no justification—and there can be none—for its decision to wait eight years before seeking to disqualify the FCDO from participating as counsel in Mr. Harris's PCRA proceeding. This too requires dismissal of the Commonwealth's claim with prejudice.

## ARGUMENT

### I.  This Proceeding Should be Dismissed With Prejudice

As was true of the Commonwealth's original response to this Court's Order to Show Cause, the Commonwealth's Post-Argument Submission begins not with a defense of its *own* standing to enforce Section 3599, but rather with an attack on the FCDO's.  This attack is misguided for reasons explained in Part I.B, *infra*.  But the Commonwealth's unwillingness and inability to provide a straightforward and direct defense of its interest in these proceedings is telling.  The question of how federal funds are allocated to and used by the FCDO are issues

2

between the FCDO and the federal judiciary acting through the Administrative Office of the U.S. Courts.  The Commonwealth has no interest in those determinations and is not authorized to seek enforcement of Section 3599 against the FCDO.

A. **This Court Has Jurisdiction, But The Commonwealth Does Not Have A Legally Protected Interest At Stake**

The Court has asked for supplemental briefing on the question of whether the Commonwealth has "standing" to enforce 18 U.S.C. § 3599.  To the extent that this question asks whether there is a live "case or controversy" between the FCDO and the Commonwealth sufficient to confer Article III jurisdiction on this Court, the answer is that there is such a genuine controversy and the Court has subject matter jurisdiction under 28 U.S.C. § 1442.  But to the extent that this Court is asking whether the Commonwealth has a legally protected interest in enforcing Section 3599 such that it can sustain its action on the merits, the answer is that the Commonwealth clearly lacks such an interest.  The FCDO respectfully suggests that this defect in the Commonwealth's case is better termed a lack of a right of action rather than an absence of standing (given that the latter could be read as suggesting that this Court lacks subject matter jurisdiction).  Under either denomination, however, the result should be dismissal with prejudice.

The term "standing" can be somewhat confusing when used in cases, such as this one, that have been removed from state court pursuant to 28 U.S.C. § 1442.  Ordinarily, a plaintiff's "standing" to maintain suit is a jurisdictional requirement for federal court, *see, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).  But in a removed case, a jurisdictional defect such as a plaintiff's lack of standing, perversely, could actually inure to the plaintiff's benefit if it required a remand of the proceedings to state court, *see* 28 U.S.C. § 1447(c), thereby frustrating the defendant's efforts to have the case adjudicated in federal court.  This outcome would be particularly illogical in the context of cases removed pursuant to Section 1442, the federal officer

removal provision, because the result would be contrary to the Supreme Court's dictate that "the right of removal is absolute for conduct performed under color of federal office." *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981). Federal officers and those acting under them should not be forced to defend harassing suits in state court merely because the plaintiff's claim is so frivolous and its interests so attenuated that the plaintiff cannot satisfy the minimal standing requirements applicable in federal court.

Sensibly, this perverse result is avoided because "Section 1442(a) is a pure jurisdictional statute … [that] grant[s] district court[s] jurisdiction over cases in which a federal officer is a defendant." *Mesa v. California*, 489 U.S. 121, 122 (1989). When a defendant meets the statutory requirements for federal officer removal under Section 1442—including that the defendant has a colorable federal defense to the plaintiff's claims—that defendant also establishes a sufficient case or controversy to support the federal court's subject matter jurisdiction to hear and decide the removed proceeding. So long as the removing party (here, the FCDO) can show a concrete interest in the litigation necessary to meet the requirements of Section 1442, that party is able to establish that the federal courts have subject matter jurisdiction.[1] Accordingly, the question of whether the *plaintiff* (here, the Commonwealth) has standing does not carry its usual significance, because the *defendant*, who is invoking the jurisdiction of the federal courts, has standing. Here, for the reasons the FCDO has explained in opposing the Commonwealth's motion to remand and which are reiterated in Part I.B, *infra*, the

---

[1]    There are other circumstances under which federal jurisdiction is established by the *defendant's* interest in the litigation, even if the plaintiff is unable to satisfy federal standing requirements. *See ASARCO v. Kadish*, 490 U.S. 605, 618 (1989) (holding that where defendant was "the party attempting to invoke the federal judicial power" by seeking Supreme Court review of an adverse judgment in state court, federal jurisdiction was established by the *defendant's* showing of a concrete and particularized injury from the judgment being appealed, even though the plaintiff in the suit would not have met federal standing requirements).

FCDO has satisfied the requirements of Section 1442 and is clearly facing a particularized injury (compelled disclosure of its funding of its state court representation of Mr. Harris, potential disqualification) sufficient to create an Article III case and controversy and confer subject matter jurisdiction on this Court under Section 1442.[2]

Moreover, even if the plaintiff's standing were necessary to establish Article III jurisdiction in a Section 1442-removed case such as this one, a conclusion that the Commonwealth lacks standing should result in dismissal—to avoid the perverse result of rewarding the plaintiff's lack of standing with a remand to state court, where it can continue its harassing lawsuit against the party that sought to remove the case to federal court. *See, e.g.*, *Greene v. CitiGroup Inc.* No. 99-1030, 2000 WL 647190, at 2 (10th Cir. May 19, 2000) (unpublished) (dismissing suit with prejudice on ground that plaintiff lacked standing but noting that because "removal under the federal officer removal provision of § 1442(a)(1) was proper … the federal district court had subject matter jurisdiction over this action" and that plaintiff's "argument that she lacks standing in federal court does not alter that conclusion"); *Maine Ass'n of Interdependent Neighborhoods, Inc. v. Comm'r, Maine Dep't of Human Srvcs.* ("*M.A.I.N.*"), 876 F.2d 1051, 1055 (1st Cir. 1989) (Breyer, J.) (removal under Section 1442 does not require the federal courts to have had "original jurisdiction" over the matter so long as the defendant satisfies Section 1442, and following removal under such circumstances, if the plaintiff lacks

---

[2]     Because the plaintiff's standing is unnecessary to the existence of a case or controversy when jurisdiction arises under Section 1442, the FCDO does not take a position on whether the Commonwealth has pleaded sufficient injury to satisfy Article III standing requirements.  It is the FCDO's view that the Commonwealth *has* alleged injury allegedly traceable to the FCDO's representation of Mr. Harris, and there is certainly nothing collusive about the Commonwealth's attempted disqualification of FCDO lawyers, but the injury asserted by the Commonwealth is not legally cognizable because the Commonwealth has no right of action to enforce Section 3599 and no interest in being spared from litigating against FCDO attorneys that is worthy of judicial protection.

standing, the right outcome is dismissal of plaintiff's claims, not remand); *see also Maine Ass'n of Interdependent Neighborhoods, Inc. v. Petit*, 644 F. Supp. 81, 85 (D. Me. 1986) ("Once the action has been removed properly pursuant to section 1442(a)(1), the removal is not rendered improvident and without jurisdiction by a later determination that plaintiff lacked standing to sue."), *rev'd on other grounds by M.A.I.N.*[3]

Although the question of whether the Commonwealth has "standing" lacks its ordinary significance as a threshold question, the fact that the Commonwealth does not have a legally protected interest in enforcing Section 3599 is determinative of the merits of this case.  The Commonwealth has never disputed that Congress did not intend to authorize the Commonwealth to enforce Section 3599, and this concession is dispositive of the question of whether this case should be dismissed because the Commonwealth lacks a right of action.  *See* FCDO's Br. In Supp. Of Mot. To Dismiss (Dkt. No. 5-1) at 8-12; FCDO's Consolidated Reply Br. (Dkt. No. 24) at 2-16.[4]

---

[3]  The Fifth Circuit reached a similar result on somewhat different reasoning.  *See International Primate Protection League v. Administrators of Tulane Educ. Fund*, 895 F.2d 1056, 1062 (5th Cir. 1990) (concluding that plaintiff's lack of standing in case removed under Section 1442 deprived the court of Article III jurisdiction, but nonetheless holding that it had authority to dismiss the suit rather than remand it because the defendant was "entitled to protect its legitimate interests in a federal forum").  The Supreme Court reversed on other grounds in *International Primate Protection League v. Administrators of Tulane Educational Fund*, 500 U.S. 72 (1991), but the Fifth Circuit subsequently held that the holding pertinent here was unaffected by the Supreme Court's decision, *see International Primate v. Administrators of Tulane Education Fund*, No. 93-3067, 1994 WL 198950, at *1 (5th Cir. May 9, 1994) ("The Supreme Court reversed our judgment on a federal *agency's* right to remove under § 1442(a)(1), but left intact our ruling on standing.").

[4]  Beyond the reasons for which the Commonwealth lacks an interest in enforcing Section 3599, the implications of permitting the Commonwealth to interfere in a capital defendant's choice of counsel are troubling.  *See* 5/7/2013 Tr. 93 (suggesting that there is an "inherent danger" in permitting the prosecution to interfere in the selection or appointment of counsel for indigent criminal defendants); *see also Simonca v. Mukasey*, No. S-08-1453, 2008 WL 5113757, at *2 (E.D. Cal. Nov. 25, 2008) ("Motions to disqualify counsel are strongly disfavored, as they often pose the very threat to the integrity of the judicial process that they purport to prevent.").

The Commonwealth's post-argument submission contains additional discussion of the private-right-of-action issue, but this new briefing does not provide any new *defense* of the Commonwealth having a right to enforce Section 3599; on the contrary, the upshot of this new briefing is that the Commonwealth now concedes (as it must) that one of its previous arguments is meritless.  CW Post-Arg. Sub. 8-9; *see also, e.g.*, *NASDAQ OMX PHLX, Inc. v. PennMont Securities*, 52 A.3d 296, 314 & n.11 (Pa. Super. 2012).  Specifically, the Commonwealth previously argued (*see* Dkt. No. 22 at 8-9) that it does not need a right of action to enforce federal law when the relevant proceeding was commenced in state court.  The Commonwealth, through the Philadelphia District Attorney's Office, made a similar argument in the *Mitchell* case currently pending before Judge McLaughlin, only to subsequently acknowledge that the argument was mistaken and that the rules limiting private rights of action apply equally in state and federal court.  *See* No. 2:13-cv-01871-MAM, Dkt. No. 17, at 1-3 (E.D. Pa. May 13, 2013).[5] That the Commonwealth has been forced to adopt that concession here only further confirms that the Commonwealth is wrongly attempting to enforce federal law without a right of action and thus that the Commonwealth's claim in this case should be dismissed with prejudice.[6]

---

[5]     The Philadelphia District Attorney's Office acknowledged that the impetus for the concession in that case was argument made by the FCDO in this case during the May 7 hearing.

[6]     Although the Commonwealth is correct to concede that the limitations on private rights of action to enforce federal law apply in state court (as well as federal court), it misunderstands why this is so.  The Commonwealth appears to view this rule as a matter of comity arising out of deference to states—that is, to protect state courts "from federal demands on what they must adjudicate" (CW Post-Arg. Sub. 8).  On the contrary, the reason that parties without federal causes of action cannot enforce federal law in state court is that defining *who* is authorized to enforce federal law is itself a substantive question of federal law, and is therefore reserved for Congress.  *See Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 165 (2008) ("The determination of who can seek a remedy has significant consequences for the reach of federal power.").  Extending a private right of action to enforce a federal law is a quintessentially legislative judgment reflecting a balancing of numerous concerns, and that balancing cannot be upset by either state courts or federal courts.  *See* Hart & Wechsler's *The Federal Courts and the Federal System* 709 (6th ed. 2008) (explaining that the justifications for

The Commonwealth nonetheless attempts to salvage its position by arguing that it is not presenting a federal claim at all, but rather is asserting a state claim that "incorporates a violation of a federal statute."  CW Post-Arg. Sub. 8; *see also id.* at 5 (arguing that this case is not an action to enforce Section 3599 *per se* but rather an appeal to the Pennsylvania Supreme Court's authority to regulate the practice of law).[7]  But there are two problems with this argument.  First, it is directly belied by the Commonwealth motion that precipitated these proceedings, in which the Commonwealth asked the PCRA Court to "enforce federal law and remove [the] FCDO."  *See* Dkt. No. 2, Ex. A ¶ 10.

Second, the Commonwealth cannot evade the limits that Congress has placed on the enforcement of federal law merely by labeling its enforcement action a state law claim—that is, a motion to disqualify counsel—when that action is based on nothing but federal law.  As the FCDO explained in its opening brief (Dkt. No. 5 at 11), the U.S. Supreme Court has said plainly that restrictions on private rights of action apply whenever the plaintiff is "in substance" attempting to enforce a provision of federal law that provides no private right of action, regardless of the heading that the plaintiff places on its action.  *See Astra U.S.A., Inc. v. Santa Clara County*, 131 S.Ct. 1342, 1345 (2011).

In *Astra*, the Supreme Court ruled that a party seeking to enforce a federal statute that did not authorize a private right of action could not evade Congress's decision to centralize

the private-right-of-action doctrine include the recognition that (a) statutory enactments may be conditioned on congressional "compromise that the available remedies would be limited," (b) private enforcement may lead to "overinclusion or excessive deterrence," and (c) the "recognition of a private remedy may thwart congressional efforts to centralize enforcement in an administrative body").  Thus, under the Supremacy Clause, state law cannot be used to reshape federal law by supplying private rights of action that Congress chose not to extend.

[7]     It is doubtful that this argument is viable even as a matter of Pennsylvania law.  Given that the integrity of the PCRA proceedings are not in any way impaired by the participation of FCDO counsel, there is no basis for a Pennsylvania court to arbitrarily exclude the FCDO based on this alleged violation.

enforcement in a federal agency by labeling its lawsuit as a contract action rather than a statutory

enforcement action.  To do so, said the Court, would be to ignore that "[t]he statutory and

contractual obligations, in short, [were] one and the same."  *Id.* at 1348.  Exactly the same is true

here: the Commonwealth sought relief from a state court—disqualification of a zealous and

effective adversary—based on an alleged violation of federal law, and nothing else; enforcement

of the statute and disqualification of the FCDO are "one and the same."  The Supreme Court's

pronouncement in *Astra* that the private right of action doctrine should be construed robustly and

functionally is fatal to the Commonwealth's disqualification motion, because that motion relies

directly on federal law.  *See also Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341,

352-53 (2001) (holding that state law may not supply a cause of action that would invade "the

relationship between a federal agency and the entity it regulates" where the state "claims exist

solely by virtue" of federal law and allowing state claims would "exert an extraneous pull on the

scheme established by Congress").[8]

---

[8]      The conflicts between the Commonwealth's efforts to disqualify the FCDO and the
federal scheme are manifest.  Although state habeas proceedings are not themselves
"subsequent" to federal habeas review, which means that the FCDO's time and expenditures in
state court proceedings are not compensable under the CJA unless that time and those
expenditures are also in furtherance of the defendant's federal habeas petition, the research and
investigation of federal claims is equally relevant to both state and federal collateral proceedings.
By seeking to disqualify the FCDO based on its alleged misuse of federal funds, the
Commonwealth invades the province of the AO to make policy judgments about whether CJA
funding is appropriately allocated for the research and investigation of federal claims conducted
in conjunction with state collateral proceedings and concurrently in preparation for  prospective
habeas proceedings.  Moreover, the Commonwealth is asserting a right to a remedy—
disqualification—different from the AO's usual preferred remedy of simple recoupment of any
misspent funds.  Notably, the AO's usual remedy is more in keeping with the objectives of the
CJA in that it (unlike disqualification) would not disrupt the FCDO's relationship with its death-
sentenced client and thus would not impair the FCDO's ability to continue to fulfill its
appointment to represent him in his federal habeas proceeding.  *Accord* 5/7/2013 Tr. 34
(statement by the Court noting that when the Court dismissed Mr. Harris's federal habeas
petition without prejudice, "it was contemplated that the case would come back" to federal
court).  Moreover, permitting the Commonwealth to seek disqualification for alleged misuse of

**B.     The Commonwealth's Remand Arguments Remain Unavailing**

The Commonwealth attempts to compensate for its inability to muster a defense of its

interest in having the FCDO removed by reprising its arguments that this case is not properly

before this Court and should be remanded.  This argument takes two forms, both of them

redundant of prior briefing and both of them unavailing.

1.      The Commonwealth argues that the FCDO cannot have properly removed this

case pursuant to 28 U.S.C. § 1442 because the FCDO was not acting under a federal officer by

appearing in state court because such state court work does not qualify for federal funding under

Section 3599.  That argument is meritless, for the reasons stated in the FCDO's opposition to the

motion to remand (Dkt. No 27).

In reiterating its argument that the proceeding should be remanded to state court, the

Commonwealth contends that the FCDO has failed to plead adequately in the notice of removal

that it is acting under a federal officer as it must to remove a case under Section 1442.  The

Commonwealth mistakenly believes that because the FCDO is not being charged with

wrongdoing for conduct required by its federal contract, it is therefore not acting under a federal

officer for purposes of Section 1442.

First, Section 1442 removal is explicitly made available to a federal officer or person

acting under a federal officer whether sued in an "official or individual" capacity.  *See* 28 U.S.C.

§ 1442(a)(1).  Thus Section 1442 removal is not limited to state court actions against  persons for

their conduct in an official capacity.  That aspect of the statute, by itself, belies the

---

federal funds would be contrary to the purposes of the CJA because it would expose the FCDO
to litigation based solely on its status as a federal grant recipient, thereby raising the burdens of
participation in that federal program.  Finally, allowing the Commonwealth to seek relief based
on a purported violation of the CJA would conflict with the objectives of federal law in that this
action has the potential to interfere with the AO's ability to oversee in a uniform manner the
eighteen community defender organizations nationwide.

Commonwealth's contention that, to be removable under Section 1442, the civil action or criminal prosecution against the removing defendant must be for acts carried out in the defendant's official capacity.

The Commonwealth's narrow interpretation of the "acting under" requirement collides with a second hurdle in the form of the 2011 amendments to Section 1442, which broadened federal officer removal in multiple ways.  As a result of those amendments, a proceeding against a federal officer or person acting under a federal officer is now unquestionably removable if the action commenced in state court is against the person "for or relating to any act under color of such [federal] office" (emphasis added).  The phrase "or relating to" was added to Section 1442 in the 2011 amendments.  If it were not clear before, it can no longer be doubted that removal is authorized under Section 1442 even if the defendant is not being sued "for" conduct that is federally mandated; it is sufficient that the action or prosecution is "related to" such conduct. Here it is unarguable that the motion to remove FCDO lawyers as counsel for Mr. Harris is "related to" the FCDO's status and actions as a federal contractor representing indigent state capital defendants.

Indeed, the overarching flaw in the Commonwealth's argument is that it is the very fact that the FCDO is a federal contractor/grantee that is the linchpin of the Commonwealth's motion to remove FCDO lawyers as counsel for Mr. Harris.  The essence of the FCDO's claimed wrongdoing in this matter is that the FCDO is a person acting under federal law; if it were not a person acting under federal law, the basis for seeking its disqualification would disappear.  The case, therefore, is unlike one in which a federal contractor is sued for reasons unrelated to its federal contract.  For example, Halliburton could not, on the basis of its federal contract to provide security services to the State Department in Afghanistan, remove to federal court under

Section 1442 a suit by a land developer for breach of a real estate contract in Texas.  In that example, the developer is not suing Halliburton qua federal contractor.

Here, by contrast, the Commonwealth moves to have FCDO lawyers disqualified from appearing in state court precisely and solely because the FCDO has a federal grant with conditions that supposedly disallow its lawyers from appearing in state court.  The action is being pursued against the FCDO qua federal contractor.  It is that feature of the Commonwealth's motion that also distinguishes this case from the hypothetical offered in footnote 1 on page 4 of the Commonwealth's post-argument submission.  If the assistant attorney general in the hypothetical were sued for, say, professional negligence in writing a will on his own time and outside the scope of his employment as a government lawyer, it would be fair to say that he was not being charged with malpractice while "acting under" the Attorney General of Pennsylvania.  In the Commonwealth's hypothetical, the defendant-lawyer's state employment would be irrelevant to the malpractice action.  The FCDO's federal contract, by contrast, is not only relevant to the motion to remove its lawyers as counsel for Mr. Harris, it is the sine qua non of the motion.

Keeping in mind the Supreme Court's teaching that "[t]he words 'acting under' are broad, and . . . that the statute must be 'liberally construed,'" *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007), the acting under requirement may not be construed as grudgingly as the Commonwealth would have it.  The Commonwealth's construction would lead, as we pointed out in our brief in chief, to the absurd result that a federal defender, who is a federal employee, could remove a proceeding to bar her from representing federal clients in state court, but a community defender organization lawyer, as a federal contractor, could not remove the same action despite the identity of the federal interests in the two cases.  The Commonwealth's post-

12

argument submission afforded the Commonwealth the opportunity to explain why the result is not absurd or, alternatively, why the absurdity is one that the law must countenance—but the Commonwealth has met the argument with silence.

2.     The Commonwealth also rehashes its argument that Harris, not the FCDO, is the proper party to invoke this Court's removal jurisdiction.  *See* CW Post-Arg. Sub. 7-8.  But as the FCDO explained in its Consolidated Reply Brief (Dkt No. 24 at 10-11), attorneys who are disqualified or reprimanded have an independent interest in the disqualification or disciplinary proceedings and therefore have standing to seek relief.  *See Weeks v. Independent Sch. Dist. No. I-89*, 230 F.3d 1201, 1207 (10th Cir. 2000) (attorney has standing to appeal disqualification order, even when unaccompanied by a monetary sanction, because the "disqualification order is a sanction directly affecting [the attorney] and a favorable court decision would likely provide at least some redress from injury from the sanction because it could help ameliorate the damage to her professional reputation from the sanction order"); *see also Bowers v. NCAA*, 475 F.3d 524, 543 (3d Cir. 2007) (noting that "an order rising to the level of a public reprimand," without more, is a sanction that an attorney has standing to appeal on his own behalf).  The Commonwealth's campaign is directed against the FCDO, and it is the FCDO that would be required to produce documents or testimony at a so-called "*Mitchell* hearing" in order to demonstrate that its representation of Mr. Harris has not involved misuse of federal funds.  The Commonwealth's request for a *Mitchell* hearing is the functional equivalent of a subpoena on the FCDO for testimony and documents, and the FCDO has standing to resist such a subpoena by exercising the removal authority granted by Congress.  *See* 28 U.S.C. §§ 1442(d) and 1446(g); *see also* 5/7/2013 Tr. 127 ("[W]hat you are really doing is trying to remove present counsel, who then achieve an ancillary party status in your motion . . . they become defendants in that motion,

13

respondents in that motion, that's what the law says they are."). Thus, the FCDO clearly has a sufficient interest in the outcome of these proceedings to have removed this case and to challenge the Commonwealth's attempt to have the FCDO disqualified.

In sum, it remains true that this case was properly removed and, thus, the Commonwealth cannot escape the fact that it is seeking to enforce federal law without authorization or a recognized interest in doing so. Accordingly, this case should be dismissed with prejudice.

### C.     The Commonwealth Provides No Argument Regarding Waiver

Finally, the Commonwealth offers no defense of its choice to wait more than eight years before moving to disqualify the FCDO. Although for the reasons explained in Part I.A, *supra*, the Commonwealth has never had a right to seek disqualification of the FCDO based on an alleged violation of Section 3599, allowing the Commonwealth to proceed now would be particularly inappropriate given the Commonwealth's long acceptance of the FCDO's representation of Mr. Harris and the substantial disruption that would result from the disqualification of the FCDO at this late date. *See* 5/7/2013 Tr. 111 ("[Y]ou say you have a right, but that right has existed for a while if you believe in it. So it is unnerving, to say the least, to have courts disrupted in this way . . . and the disruption is that the orderly process of a post-conviction review is now interrupted."). Even if the Commonwealth once had the authority to seek disqualification of the FCDO (and it did not), that authority has long since been waived. *See Commonwealth Ins. Co. v. Graphix Hot Line Inc.*, 808 F. Supp. 1200, 1208-09 (E.D. Pa. 1992) (holding that defendant waived its right to seek disqualification of plaintiff's counsel where the disqualification motion was filed more than two years after the action commenced). For this reason, too, this proceeding should be dismissed with prejudice.

**II.    Mr. Harris Does Not Require Separate Counsel, But Should The Court Deem It Appropriate, His FCDO Attorneys Are Available To Participate In This Proceeding On His Behalf**

During its May 7 hearing, this Court asked for further briefing on whether Mr. Harris should be appointed separate counsel.  The Commonwealth provided no response, choosing instead to merely offer a rehash of one of its removal arguments.  *See* CW Post-Arg. Sub. 7-8. As explained below, the FCDO's position is that Mr. Harris does not *require* separate counsel but that participation of his FCDO attorneys would be appropriate and desirable.

There is no requirement that separate counsel appear to represent Mr. Harris in this proceeding.  Separate counsel ordinarily is not appointed to represent the defendant's interests when the Government moves to disqualify the defendant's chosen counsel.  *See, e.g., United States v. Santiago*, __ F. Supp. 2d __, No. 12-cr-00566-01, 2013 WL 68623, at *2-3 (E.D. Pa. Jan. 3, 2013); *United States v. Merced-Calderon*, No. 11-120, 2011 WL 2462061, at *3 (E.D. Pa. June 20, 2011); *United States v. Moscony*, 697 F. Supp. 888, 890 (E.D. Pa. 1988).  And appointing separate counsel in these proceedings is particularly unnecessary as Mr. Harris's interests and the FCDO's are completely aligned; Mr. Harris wants the FCDO to continue its longstanding representation of him, and the FCDO likewise wants the representation to continue.

That said, because the FCDO is represented by outside counsel who are not counsel to Mr. Harris, should this Court deem it appropriate to hear from someone who can speak directly on behalf of Mr. Harris, then Mr. Harris's PCRA counsel, Matthew Lawry and Peter Williams, are available to appear and participate in these proceedings.  Mr. Harris and his attorneys have an established attorney-client relationship, and his attorneys' appearance would ensure that Mr. Harris's views are adequately represented.

**CONCLUSION**

For the foregoing reasons, this Court should dismiss this proceeding with prejudice.

Respectfully submitted,

Dated: June 4, 2013

/s/ David Richman
David Richman (PA 04179)
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
215.981.4000
richmand@pepperlaw.com

Patrick J. Carome (pro hac vice)
Paul R.Q. Wolfson (pro hac vice)
Joshua M. Salzman (pro hac vice)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
202.663.6000
Patrick.Carome@wilmerhale.com

*Attorneys for Respondent Defender
Association of Philadelphia*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 4, 2013, a true and correct copy of the foregoing Response to

the Commonwealth's Post-Argument Submission will be served via CM/ECF Notification upon

the following:


Christopher J. Schmidt
Pennsylvania Office of the Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

<u>/s/ David Richman</u>
David Richman (PA 04179)