IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: COMMONWEALTH'S MOTION | : | No. 13-62 |
| TO APPOINT NEW COUNSEL AGAINST | : | |
| OR DIRECTED TO DEFENDER | : | Miscellaneous Action |
| ASSOCIATION OF PHILADELPHIA | : | |
| | : | (Judge Rufe) |

**COMMONWEALTH'S SUPPLEMENT TO POST-ARGUMENT SUBMISSION**

|  |  |
|---|---|
|  | KATHLEEN G. KANE<br>Attorney General |
|  | LAWRENCE M. CHERBA<br>Executive Director<br>Criminal Law Division |
|  | JAMES P. BARKER<br>Chief Deputy Attorney General<br>Appeals and Legal Services Section |
| Office of Attorney General<br>Criminal Law Division<br>16th Floor, Strawberry Square<br>Harrisburg, PA 17120<br>(717) 787-6348 | CHRISTOPHER J. SCHMIDT<br>Deputy Attorney General<br>Appeals and Legal Services Section<br>Pa. Bar No. 87617 |

TO JUDGE CYNTHIA M. RUFE,
UNITED STATES DISTRICT COURT JUDGE:

## I.     INTRODUCTION

This is an action removed from a state criminal proceeding to this Court involving the appointment of counsel in the state criminal proceedings.

On March 15, 2013, the Federal Community Defender Office (FCDO) of the Defender Association filed a notice of removal, removing the Commonwealth's motion to replace FCDO as state counsel and appoint appropriate counsel in an ongoing state criminal case. (Doc. 1). On April 10, 2013, the Commonwealth filed a motion to remand (Doc. 6), and an accompanying brief. (Doc. 7). On April 26, 2013, the Commonwealth filed a supplement to the motion to remand. (Doc. 22). On April 30, 2013, and May 3, 2013, respectively, FCDO responded to the Commonwealth's motion to remand. (Docs. 24, 25).

Additionally in this case, FCDO has filed a motion to dismiss (Doc. 5), and an accompanying brief (Doc. 5-1), and this Court directed the parties to respond to whether the Commonwealth has standing in this case. (Doc. 4). The Commonwealth responded to the motion to dismiss and this Court's rule to show cause concerning standing. (Docs. 10 and 11). On May 3, 2013, FCDO responded to the Commonwealth's filing concerning standing. (Doc. 25).

On May 7, 2013, this Court heard oral argument. On May 21, 2013, the Commonwealth filed a post-argument submission before the transcript of the argument was produced. (Doc. 30). That submission argued that FCDO is not working under a federal officer or agency for removal purposes, the Commonwealth had standing to file a motion to appoint new counsel for a defendant in a state criminal case that the Commonwealth is prosecuting, Francis Harris is a

necessary party to this removal action, FCDO's private cause of action argument is misplaced, and this Court should remand this action to state court.

On May 21, 2013, FCDO filed a response to the Commonwealth's post-argument submission. (Doc. 31). On June 7, 2013, the Commonwealth requested leave to supplement its post-argument submission because it obtained the transcript of the argument of May 7, 2013, on June 4, 2013, and understood the issues this Court allowed, but not ordered, be addressed in a post-argument brief. (N.T. Argument May 7, 2013, at 138).

Within this supplement, the Commonwealth (1) addresses whether the Commonwealth waived the issue of removing FCDO as Harris' state PCRA counsel, (Id. at 111-12, 121), and (2) details the basis for its underlying state court motion, (id. at 121). Ultimately, the Commonwealth respectfully requests that the Commonwealth's state court motion concerning state counsel for Harris be remanded to state court.

## II.  THE SUPREME COURT OF PENNSYLVANIA HAS REJECTED FCDO'S WAIVER ARGUMENT

At the oral argument of May 7, 2013, this Court stated to the Commonwealth, "you have to frame your response to me in terms of any possible waiver …." (N.T. Argument May 7, 2013, at 111); ("you have to deal with waiver …." Id. at 121).

The waiver issue is straightforward: the Supreme Court of Pennsylvania in **Commonwealth v. Mitchell**, 617 CAP (Jan. 10, 2013), has already rejected a claim from FCDO that a Commonwealth motion to remove FCDO as state counsel is waived because the Commonwealth's motion was raised over two years after FCDO's involvement in the case began.

In **Mitchell**, the highest state court, *sua sponte*, commenced and directed the litigation of whether FCDO can appear in state court before federal habeas review; consequently, the issue of

whether FCDO can act in state court is a viable, preserved claim that the highest state court has directed to be determined on the merits.  Far from being waived, the Commonwealth's instant motion, which referenced *Mitchell*, and concerns essentially the same scenario as *Mitchell*, is the claim the highest state court directed to be addressed on the merits in *Mitchell* although the Commonwealth did not file a motion to remove FCDO as Mitchell's state counsel for over two years after FCDO's initial involvement in that case.

Specifically in *Mitchell*, on September 25, 2012, the Supreme Court of Pennsylvania ordered FCDO to produce an appointment order authorizing it to appear in state court to represent Isaac Mitchell.  (See Ex. A, at Doc. 14 page 3; Doc. 14-1 Ex. 1).  On October 5, 2012, FCDO responded, stating that there was no court order appointing it to represent Mitchell in state court and that it had an order appointing it to act as federal habeas counsel for Mitchell.  (See Ex. A, at Doc. 14 page 3; Doc. 14-1 Exs. 2 & 3).  On October 16, 2012, the Commonwealth filed a motion to remove FCDO from the state court proceedings in *Mitchell*.  (See Ex. A, at Doc. 14 page 3; Doc. 14-1 at Ex. 4).  FCDO filed a response, claiming that its appearance in state court was privately-financed, (see Ex. A, at Doc. 14 page 4; Doc. 14-1 at Ex. 5, pp. 12-13, ¶¶ 27-30), and averred that it is not a federal governmental actor because it is "'a private, non-profit organization.  When they appear in federal court, the FCDO's lawyers represent the individual interests of their clients, not the interests of the federal government.'"  (Ex. A, at Doc. 14 page 4; Doc. 14-1 at Ex. 5, pp. 14-15, ¶ 34).  FCDO informed the Supreme Court of Pennsylvania that it had been involved in the *Mitchell* case since September, 2010.  (Ex. A, at Doc. 14-1 Ex. 5 page 4).  FCDO argued to the Supreme Court that the Commonwealth had waived a claim to remove FCDO as state counsel because the Commonwealth's motion was filed over two years after FCDO's involvement in the case began.  (Ex. A, at Doc. 14-1, pp. 4-5, ¶ 11).

On January 10, 2013, the Supreme Court of Pennsylvania rejected FCDO's waiver argument by remanding to the state PCRA court for a hearing to determine whether, as FCDO claimed, it was using private funds to support its activities in state court. (Ex. A, at Doc. 14 page 4; Doc. 14-1 at Ex. 6).[1]  The Supreme Court essentially directed that unless FCDO's representations that it was using private funds was proven before the PCRA court, the state PCRA court was to remove FCDO and appoint new counsel for Mitchell. (Ex. A, at Doc. 14 page 4). Specifically, the Supreme Court's order provided at the outset, "upon consideration of the Commonwealth's Motion to Remove Federal Counsel and Appellant's Answer thereto, the matter is **REMANDED** …." (Ex. A, Doc. 14-1 at Ex. 6). Consequently, the highest state court reviewed FCDO's answer, which raised a waiver argument, and the highest state court rejected the waiver argument and remanded for a hearing on the merits of whether FCDO could represent *Mitchell* in state court.

Here, pursuant to *Mitchell*, any waiver argument fails. In the instant case, on February 12, 2013, the Commonwealth filed a motion to remove FCDO as Harris' state counsel and appoint new counsel for Harris in state court only 33 days after the issuance of the *Mitchell* order of January 10, 2013. Furthermore, just as the highest state court in *Mitchell* rejected the waiver argument by FCDO because years had passed from FCDO's initial involvement in the case and the Commonwealth's motion to remove them, the same waiver argument fails here.[2]

---

[1] The Supreme Court of Pennsylvania issued a similar directive, *sua sponte*, in *Commonwealth v. Sepulveda*, 55 A.3d 1108, 1151 (Pa. 2012), another capital case where FCDO is apparently representing a state PCRA petitioner before federal habeas review. *See also Commonwealth v. Powell*, 44 A.3d 1144 (Pa. 2012); *Commonwealth v. Montalvo*, 639 CAP (Pa. Apr. 5, 2012); *Commonwealth v. Tharp*, 637 CAP (Pa. July 3, 2012).

[2] The Commonwealth's filing of the motion to replace FCDO and appoint counsel in early 2013 and the Commonwealth's statements at the oral argument of May 7, 2013, establish that the Commonwealth did not wait to file a motion to replace FCDO as state counsel for Harris for

Although federal court decisions have determined that motions to disqualify counsel based on a conflict of interest were waived because the motions were filed years late, (*see* ***Commonwealth Ins. Co. v. Graphix Hot Line, Inc.***, 808 F.Supp. 1200, 1209 (E.D. Pa. 1992); ***Montgomery Academy v. Kohn***, 82 F.Supp.2d 312, 318-19 (D. N.J. 1999) (collecting cases)), the instant, underlying state court motion to replace and appoint counsel was not based on a conflict of interest.[3]  Most importantly, the highest state court's rejection of FCDO's waiver

---

tactical reasons.  See ***Richardson–Merrell, Inc. v. Koller***, 472 U.S. 424, 436 (1985) ("We share the ... concern about the 'tactical use of disqualification motions' to harass opposing counsel"). From a time perspective, the Commonwealth filed its motion shortly after the Supreme Court of Pennsylvania issued its order in ***Mitchell***.  Furthermore, as summarized in the text of this submission, the Commonwealth has presented myriad legal authority supporting its averment that FCDO cannot represent a PCRA petitioner before federal habeas review; the Commonwealth has moved to replace FCDO to enforce applicable law.

[3]  Generally, waiver applies when an alleged error occurs and the party complaining of the error delays in raising the issue to the presiding court.  *See* Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."); ***Commonwealth v. Brown***, 701 A.2d 252, 254 (Pa. Super. 1997) (to preserve an issue for appellate review, party must make timely and specific objection); *see also* ***Commonwealth v. Duffy***, 832 A.2d 1132 (Pa. Super. 2003); ***Gustine Uniontown Assocs., Ltd. v. Anthony Crane Rental, Inc***., 892 A.2d 830, 835 (Pa. Super. 2006) (an objection is "timely" if the court can consider the issue, rule upon it, and obviate an appeal) ; ***Commonwealth v. Bell***, 562 A.2d 849 (Pa. Super. 1989) ("Where counsel fails to request a mistrial when the alleged prejudicial event occurs, the issue is not preserved for appellate review.)"; Pa.R.Crim.P. 605 ("When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed.  Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity.").

If, for example, the Commonwealth discovered in a case it was prosecuting that a defendant's "attorney" was not an attorney, the Commonwealth should move to replace the unauthorized "attorney" for the defendant.  In that case, the date that the Commonwealth filed its motion would be a date when the ongoing violation of the opposing "attorney" was occurring.  Seeking relief for an ongoing violation could not be waived.  Similarly, the Commonwealth's instant state court motion seeks redress of an alleged ongoing instance where counsel for Harris cannot act in state court; thus, traditional waiver principles do not apply.

argument in *Mitchell* establishes that the Commonwealth did not waive its instant state court motion.[4]

Ultimately, this court should remand the question of whether FCDO can lawfully appear in state court to the PCRA court. The highest state court has clearly indicated its desire to entertain the question of whether FCDO can appear before it prior to federal habeas review. This verifies that the highest state court is embracing state motions concerning whether FCDO can act in state court. As the Supreme Court of Pennsylvania has the exclusive authority to regulate the practice of law in Pennsylvania state courts, Pa. Const. art. V, § 10; *Commonwealth v. Stern*, 701 A.2d 568, 570-71 (Pa. 1997), and the Supreme Court of Pennsylvania has directed the inquiry into whether FCDO may act for a PCRA petitioner to be determined on the merits, the Commonwealth's motion to appoint new counsel for Harris in state court cannot be deemed waived and should be addressed on the merits by the state PCRA court.

### III.  FCDO CANNOT REPRESENT A STATE PCRA PETITIONER BEFORE FEDERAL HABEAS REVIEW

At the oral argument of May 7, 2013, this Court requested that the Commonwealth "outline precisely what you think this unauthorized conduct is and how that impacts on Mr. Harris' choice." (N.T. Argument May 7, 2013, at 121).

Initially, FCDO does not have authority to represent Harris in a state PCRA proceeding prior to federal habeas review. As described in the Commonwealth's motion to remand and

---

[4]  The Commonwealth notes that in a case where a defendant removed a state court action to federal court and the new federal plaintiff moved to disqualify counsel four months after removal occurred, a federal district court concluded that the plaintiff did not waive its motion to disqualify counsel. *Integrated Health Services of Cliff Manor, Inc. v. THCI, Co. LLC*, 327 B.R. 200, 204-05 (D. Del. 2005). Similarly, a federal district court concluded that a party timely moved to disqualify opposing counsel within three months of the issuance of a complaint. *Montgomery Academy v. Kohn*, 82 F.Supp.2d 312, 319 (D. N.J. 1999). The Commonwealth's timely motion to appoint counsel filed shortly after the *Mitchell* order meets the principle announced in *THCI, Co. LLC*, *supra*; *Kohn*, *supra*.

supporting brief, FCDO can only be appointed to represent a federal habeas corpus petitioner in a federal habeas action and in subsequent proceedings. (Doc. 7 at 12-18). A PCRA proceeding is not subsequent to a federal habeas action as a PCRA proceeding must be exhausted before a federal habeas action commences. (Doc. 7 at 14). Accordingly, this Court, the Middle District, and numerous cases across the country have concluded that a federal court cannot appoint a federal defender to represent a state court defendant before federal habeas review. (Doc. 7 at 14-18). There is also nothing in the Criminal Justice Act (CJA) or the Eastern District Plan that contemplates appointing a federal defender to represent a state court defendant. (Doc. 7 at 19-20).

In fact, as this Court stated, appointing a federal defender for a state court defendant creates significant federalism concerns and impacts the state courts' ability to review attorney conduct in state cases. (Doc. 7 at 14-15 (quoting **Wilson v. Horn**, 1997 WL 137343, at *7 (E.D. Pa. Mar. 24, 1997) (No. 96-7838)).[5]

Next, this Court and the Supreme Court of Pennsylvania appear to agree that FCDO needs a federal court appointment order to act in federal court and receive federal funding. *Compare **Mitchell*** with Transcript of Argument, May 7, 2013, at 82 (In response to the

---

[5] As the Commonwealth, via the Philadelphia District Attorney has noted, the sovereignty of the Commonwealth may be implicated when lawyers who are supposed to appear in federal court pursuant to the CJA instead appear in the state criminal courts before federal habeas review. (Ex. A at Doc. 14-1 page 5). States possess residuary and inviolable sovereignty. (Id. (citing **Printz v. U.S**., 521 U.S. 898, 918 (1997)). States must remain independent and autonomous within their sphere of authority. (Id. (citing **Printz**, 521 U.S. at 928)). State sovereignty is an essential component of the federal Constitution because it secures the liberties deriving from the diffusion of sovereign power. (Id. (citing **Bond v. United States**, 131 S.Ct. 2355, 2364 (2011) and multiple other cases)). Essentially, remanding this action pursuant to **Younger v. Harris**, 401 U.S. 37 (1971), protects and secures the Supreme Court of Pennsylvania's unquestioned authority to regulate the practice of law in its state courts. To the extent state "sovereignty" applies, remanding pursuant to **Younger** ensures state sovereignty is secured.

Commonwealth's argument that FCDO needs a court appointment to act in state court, this Court stated, "In federal court. When we appoint them and pay them.").

Here, there is no court appointment either from a state or federal court, to the Commonwealth's knowledge, appointing FCDO to represent Harris in state court. FCDO apparently conceded that it is not acting pursuant to a court appointment in the Harris state case, but instead is *pro bono* counsel for Harris. (N.T. Argument May 7, 2013, at 136). FCDO, therefore, apparently has no court authorization to appear in state court for Harris.

Remanding this case to the state court will allow for review of whether FCDO is *pro bono* counsel. Accordingly, remand will effectuate compliance with what this Court and the Supreme Court of Pennsylvania appear to agree upon.[6] Remanding to the state court will also ensure that the state courts' unquestioned authority to regulate the practice of law before it can be exercised.[7] Remand further allows FCDO to establish before the state court that it is what it says it is in the Harris state case – *pro bono* counsel.

Concerning Harris' views and their relation to whether FCDO can represent him in state court, the Supreme Court of Pennsylvania has stated that although an indigent criminal defendant

---

[6] The Commonwealth, at this time, maintains that pursuant to Section 3599, *Harbison*, FCDO's concessions from its publicly accessible web sites that it must act pursuant to a court order, (Doc. 7 at 18-19; Doc. 7 at Exs. C & D); (*see also* Ex. A at Doc. 14 page 2), as well as FCDO's general prohibition against the outside practice of law in its Grants and Conditions, (Doc. 5, Ex. 3, ¶ 20), that it cannot appear in state court before federal habeas review. However, the *Mitchell* order might allow for the possibility that FCDO can appear in state court before federal habeas review if it is using wholly private funds. After the Supreme Court of Pennsylvania issued its order in *Mitchell* on January 10, 2013, FCDO requested that this Court appoint it to represent Mitchell in state court. (Commonwealth's Response to Motion to Reactivate Case and Order Defenders to Exhaust State Remedies at pages 8-10 (Doc. 8) in *Mitchell v. Wetzel*, 2:11-cv-02063-MAM).

[7] The Supreme Court of Pennsylvania's Disciplinary Board has the authority to review claims that attorneys violate the Pennsylvania Rules of Professional Conduct. It would be inconsistent to have the state's highest court vested with that authority, but not vested with the authority to atleast determine whether an attorney has lawfully entered an appearance in an ongoing state court proceeding.

is entitled to free counsel, he is not entitled to free counsel of his own choosing. ***Commonwealth v. Cook***, 952 A.2d 594, 617 (Pa. 2008) (citing multiple cases). The Supreme Court of the United States has stated that "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." ***U.S. v. Gonzales-Lopez***, 548 U.S. 140, 151-52 (2006). The Court also stated, "Nor may a defendant insist on representation by a person who is not a member of the bar, or demand that a court honor his waiver of conflict-free representation." ***See Id***. at 151-52.

Here, granting the Commonwealth's motion to remand would effectuate compliance with applicable law concerning the appointment of counsel for Harris in the state PCRA action. The PCRA court will be able to apply the ***Mitchell*** directive, which complies with ***Cook*** and ***Gonzales-Lopez*** because it allows for the possibility that an indigent PCRA petitioner, such as Harris, maintain counsel of his choosing if said counsel can establish that it will be using only private funds and its representation is otherwise lawful. However, if Harris' counsel is not using private funds only and is not otherwise able to lawfully represent him, then pursuant to ***Cook*** and ***Gonzales-Lopez***, Harris, as an indigent individual, is not entitled to counsel of his own choosing. If the state PCRA court concludes that FCDO cannot represent a state PCRA petitioner before federal habeas review, courts cannot acquiesce to that unlawful representation pursuant to ***Gonzales-Lopez***. Accordingly, if Harris is indigent and no proper *pro bono* counsel is representing him, he is not entitled to select whom he wants as his free, appointed state counsel. Remanding this case will allow for the application of aforementioned law in conjunction with Harris' views.

Ultimately, the Commonwealth respectfully requests that this Court remand this action to the state PCRA court. FCDO's choice to create this removal action may create a constitutional

crisis in the court systems if this action is not remanded. If this Court rules on the Commonwealth's state court motion concerning state counsel for a state criminal case, a federal court would be ruling on an issue in an ongoing state PCRA action and the state PCRA court would not be allowed to rule on the same issue - even though the highest state court has directed that a ruling on the same issue in a parallel case, *Mitchell*. The federal removal of a disputed question of fact necessary to the state's vindication of its interest in supervising the practice of law violates *Younger*. Therefore, among other reasons, remand is required in this case.

## IV.    CONCLUSION

WHEREFORE, based on arguments stated above, the Commonwealth respectfully requests that this Court enter the attached order granting the Motion to Remand (Doc. 6) and close this case.[8]

        Respectfully Submitted,

        KATHLEEN G. KANE
        Attorney General

        LAWRENCE M. CHERBA
        Executive Director, Criminal Law Division

        JAMES P. BARKER
        Chief Deputy Attorney General
        Appeals and Legal Services Section

        BY:
        _____/s_____
        CHRISTOPHER J. SCHMIDT
        Deputy Attorney General
        Pa. Bar No. 87617

---

[8] David Richman, Esq., counsel for FCDO, opposes the Commonwealth's motion to remand. *See* Local Rule 7.1.

## LIST OF EXHIBITS

Exhibit A:

The Commonwealth of Pennsylvania's Motion to Remand and accompanying exhibits filed in *In re Proceeding in which the Commonwealth of Pennsylvania seeks to compel the Defender Association of Philadelphia to Produce Testimony and Documents and bar it from Continuing to Represent Mitchell in State Court*, 2:13-cv-01871-MAM.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: COMMONWEALTH'S MOTION | : | No. 13-62 |
| TO APPOINT NEW COUNSEL AGAINST | : | |
| OR DIRECTED TO DEFENDER | : | Miscellaneous Action |
| ASSOCIATION OF PHILADELPHIA | : | |
| | : | (Judge Rufe) |

**ORDER**

IT IS HEREBY ORDERED THAT:

1) The Motion to Remand (Doc. 6) is hereby GRANTED;

2) The Motion to Appoint Counsel filed by the Commonwealth in the state PCRA court proceedings at ***Commonwealth v. Harris***, No. CP-36-CR-672-1997, is REMANDED to the Lancaster County Court of Common Pleas;

3) The Clerk of Court is directed to CLOSE this case.

_____
JUDGE CYNTHIA M. RUFE,
UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: COMMONWEALTH'S MOTION | : | No. 13-62 |
| TO APPOINT NEW COUNSEL AGAINST | : | |
| OR DIRECTED TO DEFENDER | : | Miscellaneous Action |
| ASSOCIATION OF PHILADELPHIA | : | |
| | : | (Judge Rufe) |

### CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the foregoing supplemental pleading upon the person below via the ECF filing system:

>David Richman, Esquire
>Pepper Hamilton LLP
>3000 Two Logan Sq.
>18th & Arch Street
>Philadelphia, PA 19103
>(215) 981-4000

BY:
_____/s_____
CHRISTOPHER J. SCHMIDT
Deputy Attorney General
Pa. Bar No. 87617

Office of Attorney General
Criminal Law Division
Appeals and Legal Services Section
16th Floor, Strawberry Square
Harrisburg, PA 17120
(Tele) 717-787-6348
(Fax)  717-783-5431