IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: COMMONWEALTH'S MOTION TO APPOINT NEW COUNSEL AGAINST OR DIRECTED TO DEFENDER ASSOCIATION OF PHILADELPHIA COMMONWEALTH OF PENNSYLVANIA,  Plaintiff,  v.  FRANCIS BAUER HARRIS,  Defendant. | MISCELLANEOUS ACTION NO. 13-62 |

# DEFENDER ASSOCIATION OF PHILADELPHIA'S RESPONSE TO THE COMMONWEALTH'S SUPPLEMENTAL POST-ARGUMENT SUBMISSION

David Richman (PA 04179)
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Patrick J. Carome (pro hac vice)
Paul R.Q. Wolfson (pro hac vice)
Joshua M. Salzman (pro hac vice)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

*Attorneys for Respondent Defender Association of Philadelphia*

**TABLE OF CONTENTS**

Page

Introduction ..................................................................................................................................1

Argument .....................................................................................................................................1

    I.    The Commonwealth Has Waived Any Right To Seek Disqualification Of The FCDO ..................................................................................................................1

    II.   The Commonwealth Fails To Identify Any Misconduct By The FCDO That Should Override Mr. Harris's Right To Counsel Of His Choice ..................................4

Conclusion ...................................................................................................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*American Dredging Co. v. City of Philadelphia,*
  389 A.2d 568 (Pa. 1978) ...............................................................................................3

*Central Milk Producers Co-op. v. Sentry Food Stores, Inc.,*
  573 F.2d 988 (8th Cir. 1978) ........................................................................................4

*Commonwealth v. Cook,*
  952 A.2d 594 (Pa. 2008) ...............................................................................................7

*Commonwealth v. Harris,*
  32 A.3d 243 (Pa. 2011) .................................................................................................4

*Commonwealth Insurance Co. v. Graphix Hot Line, Inc.,*
  808 F. Supp. 1200 (E.D. Pa. 1992) ..........................................................................2, 4

*Conley v. Chaffinch,*
  431 F. Supp. 2d 494 (D. Del. 2006) .............................................................................4

*In re Schmidt,*
  775 F.2d 822 (7th Cir. 1985). ......................................................................................7

*NAACP v. Button,*
  371 U.S. 415 (1963) ......................................................................................................7

*Rohm & Haas Co. v. American Cyanamid Co.,*
  187 F. Supp. 2d 221 (D.N.J. 2001) ..............................................................................2

*United States v. Gonzales-Lopez,*
  548 U.S. 140 (2006) ......................................................................................................7

*Wilson v. Horn,*
  No. 96-7838, 1997 WL 137343 (E.D. Pa. Mar. 24, 1997) .................................5, 6, 7

**RULES**

Pa. R. Crim. P. 904(C) ...........................................................................................................8

Pa. R. Crim. P. 904(H) ...........................................................................................................8

**OTHER**

Commonwealth's Sur-Reply to Motion to Reactivate Case and Order Defenders to Exhaust State Remedies, *Mitchell v. Wetzel*, No. 2:11-cv-02063-MAM (E.D. Pa.) (Dkt. No. 20) .......5

Order, *Harris v. Beard*, No. 2:04-cv-01237-CMR (E.D. Pa. Mar. 30, 2004) (Dkt. No. 4) .............3

**INTRODUCTION**

The Commonwealth's Supplement to its Post-Argument Submission raises two arguments. First, it contends that the Commonwealth's long delay in raising any objection to the participation of FCDO counsel in Francis Harris's PCRA proceeding did not result in the waiver of any right the Commonwealth might have once had to seek the FCDO's disqualification. Second, it appears to argue that, if the FCDO receives any federal funding for its representation of Mr. Harris in federal court, then it cannot represent Mr. Harris at all in state court, even pro bono—and even if the FCDO is Mr. Harris's counsel of choice. A common error infects the Commonwealth's briefing on both topics: the Commonwealth shows an insufficient regard for the rights and interests of Mr. Harris in seeking relief from his death sentence. Mr. Harris has chosen to have the FCDO represent him in state court, and has a strong interest in being spared the prejudice that would result from being forced to switch counsel when his PCRA proceedings are already at an advanced stage and headed towards a hearing. For that reason, as well as those addressed in the FCDO's prior briefs, this matter should be dismissed with prejudice.

**ARGUMENT**

**I.     The Commonwealth Has Waived Any Right To Seek Disqualification Of The FCDO**

As the FCDO explained in the briefs supporting its motion to dismiss (Dkt. Nos. 5 and 24) and in oral argument before this Court, the Commonwealth has never had any right to seek disqualification of the FCDO based on the FCDO's alleged violation of its funding statutes. This Court, therefore, may not need to address any issue of waiver. But should the Court decide to address that issue, it should conclude that the Commonwealth's long delay in moving for disqualification of the FCDO, and the severe prejudice that Mr. Harris would suffer should that motion be granted, independently defeat the Commonwealth's effort to seek disqualification in this case.

The Commonwealth argues that the Pennsylvania Supreme Court's order in the *Mitchell* case forecloses any argument that it has waived the right to seek disqualification of FCDO in this case. That argument misses the mark. The Pennsylvania Supreme Court's cryptic order does not explain how it reached any conclusion that the issue was not waived in that case (indeed, it does not mention the FCDO's waiver argument at all)—but to the extent that court was relying on state law rules about the timeliness of raising claims or arguments in the state courts, that ruling could not be binding here, given that this matter is now in federal court (assuming the case was properly removed) and the restrictions that the Commonwealth is trying to enforce are drawn from federal law.

And even if waiver is a question of state law, the Commonwealth still reads far too much into the *Mitchell* order. That order sets forth no rule to guide future cases. Waiver is highly fact-specific inquiry that typically focuses on the degree of prejudice to the opposing party in a particular case. *See Commonwealth Ins. Co. v. Graphix Hot Line, Inc.*, 808 F. Supp. 1200, 1208 (E.D. Pa. 1992); *see also Rohm & Haas Co. v. Am. Cyanamid Co.*, 187 F. Supp. 2d 221, 229 (D.N.J. 2001) ("The assessment of whether a party moving for disqualification has waived its right to make such a request requires an analysis of five factors" including "whether disqualification would result in prejudice to the non-moving party."). Accordingly, absent a clear statement by the Pennsylvania Supreme Court that it was categorically holding that waiver principles never apply whenever the Commonwealth seeks disqualification under Section 3599, the most that the order can be read as saying is that the FCDO failed to plead facts sufficient to

establish prejudice, and thus waiver, in that particular case.[1]  That ruling thus has no application here.  This is particularly so because the Commonwealth's delay in seeking disqualification in this case is much longer than in *Mitchell*; there, the Commonwealth delayed only two years before seeking disqualification, whereas the Commonwealth waited more than eight years before seeking to disqualify the FCDO as counsel for Mr. Harris.

The Commonwealth argues that its diligence should be judged not by reference to the eight years between the time the FCDO first entered its appearance on behalf of Mr. Harris in the PCRA proceeding and the time the Commonwealth move to disqualify, but rather against the mere weeks between the issuance of the *Mitchell* order and the Commonwealth's motion to disqualify.  But the Commonwealth knew all the facts pertinent to its motion at the time the FCDO first entered its appearance in the PCRA court in November 2004; by that time, this Court had already appointed FCDO as counsel for the federal habeas proceeding.  *See* Order, *Harris v. Beard*, No. 2:04-cv-01237-CMR (E.D. Pa. Mar. 30, 2004) (Dkt. No. 4).  Moreover, this defense

---

[1]  In *American Dredging Co. v. City of Philadelphia*, 389 A.2d 568, 571 (Pa. 1978), the Pennsylvania Supreme Court stated that a "court's responsibility [to disqualify counsel] cannot be defeated by the laches of the party seeking disqualification, at least where the motion to disqualify is made prior to the commencement of trial."  But that decision does not deny that parties may waive their rights to seek disqualification, nor does it hold that prejudice to the opposing party from a party's long delay in moving to disqualify is irrelevant.  Rather, *American Dredging* establishes that in some instances—in particular, where (unlike here) the contention is made that a lawyer's representation of a party violates a specific rule of professional responsibility—the courts themselves always have the power to disqualify counsel to protect the integrity of their proceedings.  *American Dredging* was just such a case.  *See id.* at 573 ("Public confidence in the integrity of the legal profession can hardly be promoted when a partner in a well-known law firm in Philadelphia represents a party seeking to sue the City of Philadelphia for damages claimed to exceed five million dollars and claimed to be owed plaintiff because of the actions taken by the City's agency at a time when another partner in the same law firm sat on the Board of Directors and Executive Committee of the City's agency and served as Senior Vice President of that agency.").  But here, the participation of FCDO counsel does not impair the integrity or appearance of integrity of the state court proceedings, nor would the FCDO's continued representation of Mr. Harris leave the PCRA proceedings vulnerable to collateral attack.  Accordingly, there is no corresponding state court interest in having the FCDO disqualified.

of the Commonwealth's delay does nothing to address the significant prejudice to Mr. Harris—who is seeking relief from a death sentence—if he were forced to change counsel at this advanced date.  *See Graphix Hot Line, Inc.*, 808 F. Supp. at 1208 ("[C]ourt should consider … prejudice to the nonmoving party."); *Central Milk Producers Co-op. v. Sentry Food Stores, Inc.*, 573 F.2d 988, 992 (8th Cir. 1978) ("This court will not allow a litigant to delay filing a motion to disqualify in order to use the motion later as a tool to deprive his opponent of counsel of his choice after substantial preparation of a case has been completed"); *Conley v. Chaffinch*, 431 F. Supp. 2d 494, 500 (D. Del. 2006) ("Lastly, the court believes that strong countervailing policies weigh against disqualification, namely the prejudice that Chaffinch would suffer if the court granted Conley's motion.").  Mr. Harris has invested eight years in building a relationship with the FCDO, and the FCDO has performed significant investigation on Mr. Harris's behalf, has sought discovery and filed amended pleadings, and has even litigated an appeal in the Pennsylvania Supreme Court, *see Commonwealth v. Harris*, 32 A.3d 243 (Pa. 2011).  The proceedings are now headed towards a hearing before the PCRA court.  Disqualification of the FCDO from that proceeding would result only in further delay, as Mr. Harris would be forced to secure new counsel, who would need substantial time to familiarize himself with the substantial record in the case, investigate the case, and prepare for the upcoming hearing.  Given Mr. Harris's and the FCDO's extensive investment in each other, Mr. Harris should not now be stripped of his counsel of choice.

**II.     The Commonwealth Fails To Identify Any Misconduct By The FCDO That Should Override Mr. Harris's Right To Counsel Of His Choice**

In responding to this Court's question as to what the FCDO is alleged to have done wrong that would override Mr. Harris's choice of counsel, the Commonwealth answers that (1) FCDO attorneys, as federal grantees, are categorically barred from appearing in state court

4

without a federal order specifically authorizing them to be there, and (2) as an indigent, Mr. Harris has no right to counsel of his choosing and thus his selection of willing pro bono counsel is entitled to little weight. Both assertions are wrong.

As to the first point, in arguing that Pennsylvania-admitted FCDO attorneys are categorically prohibited from appearing in state court without an appointment order—even if they do so as pro bono counsel—the Attorney General has staked out a particularly extreme position.[2] Absolutely nothing in 18 U.S.C. § 3599 or any other federal law suggests that FCDO attorneys cannot appear in state court.[3] The Commonwealth claims support from *Wilson v. Horn*, No. 96-7838, 1997 WL 137343 (E.D. Pa. Mar. 24, 1997), but it badly misreads that decision. *Wilson* at most holds that Mr. Harris is not entitled to the appointment of federally funded counsel to help him exhaust state claims; it says nothing at all about whether FCDO attorneys can appear in state court when using non-federal resources.[4] On the contrary, *Wilson* explicitly noted that the counsel seeking appointment had agreed to represent Wilson in state

---

[2] By comparison, the Philadelphia District Attorney's Office, which has otherwise been no less aggressive than the Attorney General in seeking to exclude the FCDO from state courts, finds the Commonwealth's categorical position to be untenable. *See, e.g.,* Commonwealth's Sur-Reply to Motion to Reactivate Case and Order Defenders to Exhaust State Remedies at 1 n.1, *Mitchell v. Wetzel*, No. 2:11-cv-02063-MAM (E.D. Pa.) (Dkt. No. 20) ("Of course there is nothing preventing FCDO lawyers from appearing in state court with non-federal funding.").

[3] The Commonwealth cites to the FCDO's website and its Grant Agreement with the federal government. Supp. Post-Arg. Br. 8 n.6. But the FCDO's public website is merely a notice to the public that it does not accept "walk in" clients. And the agreement between the FCDO and the Administrative Office of the U.S. Courts only says that FCDO employees cannot practice law outside the scope of their duties with the grantee (*i.e.*, the FCDO), not that they cannot provide any services that would not qualify for federal reimbursement, and in any case, allows for FCDO attorneys to engage in representation of their choosing with the AO's consent. Moreover, the Commonwealth has no standing to enforce a contract between the FCDO and the AO.

[4] That *Wilson* was focused only on federal funding is confirmed by the fact that the opinion uses the phrases "federally appointed" and "federally funded" interchangeably. *See* 1997 WL 137343, at *8.

5

court "pro bono if necessary," yet never suggested that this would be in any way problematic or contrary to law. *Id.* at *1.

The Commonwealth invokes federalism concerns, but fails to explain how the appearance of Pennsylvania-barred attorneys in Pennsylvania court undermines the sovereignty of Pennsylvania. *Wilson* noted that federalism considerations would be implicated if federal courts were to "impose federal qualification standards on attorneys practicing in state court," *id.* at *7, but no such federal qualification standards are imposed here because the FCDO provides Mr. Harris with qualified counsel who are subject to the generally applicable disciplinary rules and procedures of those courts. What the Commonwealth may not do, however, is single out FCDO attorneys for unfavorable treatment based on the FCDO's status as a federal-government contractor.

The Commonwealth also seriously understates the importance of respecting Mr. Harris's selection of the counsel of his choice. *See* Supp. Post-Arg. Br. 9-10; *see also* Hrg. Tr. at 93-95 ("[I]f you are a person in our country who has private funds[,] you can select counsel," "[b]ut if you are an indigent person and you are in an unfortunate circumstance where you cannot hire your own attorney" then you have no such entitlement). Mr. Harris's indigence does not strip him of his right to select willing, qualified counsel of his choice. *See* Hrg. Tr. 69 (statement by the Court that the Commonwealth "skipped over the fundamental right to choose your own counsel if you can…. Regardless of who is paying for it.").[5]

The Commonwealth claims to find support for its position in *United States v. Gonzales-Lopez*, 548 U.S. 140 (2006), but that case actually rejects the Commonwealth's argument. *See*

---

[5] This Court also correctly noted the "inherent danger" in allowing the Commonwealth to interfere with an indigent defendant's choice of counsel, especially in death penalty cases. Hrg. Tr. 93.

6

*id.* at 144 ("[T]he Sixth Amendment guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, *or who is willing to represent the defendant even though he is without funds*." (emphasis added) (citation omitted)). Indeed, the right of a person to be represented by the willing, qualified counsel of his choosing is so fundamental that it has been found to be supported by the First and Fifth Amendments as well as the Sixth.  *See NAACP v. Button*, 371 U.S. 415, 429-30 (1963) (First Amendment right to association protects relationship between willing client and willing attorney); *In re Schmidt*, 775 F.2d 822, 824 (7th Cir. 1985) (acknowledging the existence of "a right under the due process clause to be free of unjustified interference by the government in a private arrangement between client and lawyer"). This fundamental right is not limited to those with means.

The root of the Commonwealth's error appears to be that it is assuming that merely because Mr. Harris is indigent, and thus unable to *pay* the FCDO or any other counsel to represent him, any selection of counsel he makes is subject to the limitations that would cabin his ability to select *appointed* counsel.  To be sure, if the FCDO were not willingly appearing on Mr. Harris's behalf, he would not be able to insist that any particular attorney (either from the FCDO or elsewhere) be appointed for him, *see Gonzales-Lopez*, 548 U.S. at 151-52, nor could he fire that counsel at will and demand a replacement, *see Commonwealth v. Cook*, 952 A.2d 594, 617 (Pa. 2008).  But because the FCDO is willing pro bono counsel, not appearing in state court subject to an appointment order, these limitations are inapplicable.  This distinction is illustrated by Pennsylvania Rule of Criminal Procedure 904, which provides that an indigent, death-sentenced inmate may have the court appoint counsel to represent him in post-conviction proceedings, but that no such appointment is necessary if the inmate has willing counsel. Pa. R. Crim. P. 904(C), (H) ("[W]hen an unrepresented defendant satisfies the judge that the defendant

7

is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief," but counsel need not be appointed if "the defendant has engaged counsel who has entered, or will promptly enter, an appearance for the collateral review proceedings."). FCDO is such willing counsel.

In sum, the Commonwealth has not alleged any acts by the FCDO that would override Mr. Harris's right to be represented by the willing counsel of his choosing. The Commonwealth's interest in enforcing federal law is negligible, whereas Mr. Harris's interest in retaining the FCDO as his counsel is paramount.[6]

## CONCLUSION

For the foregoing reasons, as well as the reasons articulated in the prior briefs and argument supporting the FCDO's motion to dismiss, this Court should dismiss this proceeding with prejudice.

---

[6] The Commonwealth goes so far as to say that denying the Commonwealth's motion to remand would create a "constitutional crisis." Supp. Post-Arg. Br. 10-11. The Commonwealth employed similarly overheated rhetoric in oral argument before Judge Caputo, who correctly observed that there is no constitutional crisis in the straightforward operation of the Supremacy Clause.

8

                                        Respectfully submitted,

Dated: July 3, 2013                    /s/ David Richman
                                        David Richman (PA 04179)
                                        PEPPER HAMILTON LLP
                                        3000 Two Logan Square
                                        18th & Arch Streets
                                        Philadelphia, PA 19103
                                        215.981.4000
                                        richmand@pepperlaw.com

                                        Patrick J. Carome (pro hac vice)
                                        Paul R.Q. Wolfson (pro hac vice)
                                        Joshua M. Salzman (pro hac vice)
                                        WILMER CUTLER PICKERING
                                        HALE AND DORR LLP
                                        1875 Pennsylvania Avenue, NW
                                        Washington, DC 20006
                                        202.663.6000
                                        Patrick.Carome@wilmerhale.com

                                        *Attorneys for Respondent Defender*
                                        *Association of Philadelphia*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2013, a true and correct copy of the foregoing Response to the Commonwealth's Supplemental Post-Argument Submission will be served via CM/ECF notification upon the following:

Christopher J. Schmidt
Pennsylvania Office of the Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

/s/ David Richman
David Richman (PA 04179)