IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: COMMONWEALTH'S MOTION TO APPOINT NEW COUNSEL AGAINST OR DIRECTED TO DEFENDER ASSOCIATION OF PHILADELPHIA : COMMONWEALTH OF PENNSYLVANIA : v. : FRANCIS BAUER HARRIS : | MISCELLANEOUS ACTION NO. 13-62 |

MEMORANDUM OPINION

RUFE, J.                                                                                                          OCTOBER 2, 2013

Before the Court is the Commonwealth's Motion for Reconsideration of its Memorandum Opinion dated August 22, 2013, and the Defender Association of Philadelphia's response thereto.[1] For the reasons below, the Motion will be denied.

I.  **Standard of Review**

A motion for reconsideration, or, to use the words of Fed. R. Civ. P. 59(e), a motion to alter or amend judgment, "is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law

---

[1] Throughout this litigation, the parties and the Court have referred to the party seeking removal to this court as the Federal Capital Defender Office ("FCDO"). As discussed more fully below at Part II.B, the actual party seeking removal is the Defender Association, of which the FCDO is a part. Because the activities that form the basis for the dispute between the Commonwealth and the Defender Association concern representation by attorneys who are members of the FCDO (and by extension the Defender Association), the Court will continue to use the terms FCDO and Defender Association interchangeably, except in its discussion in Part II.B.

or fact or to present newly discovered evidence."[2] The Third Circuit has held that "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [to be reconsidered]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[3]

## II. Discussion

The Commonwealth has not alleged that an intervening change in the law has occurred. Nor does it seriously contend that it has discovered new evidence that was not available at the time the motion was decided. Instead, it states that "through continued research" it has "discovered" a series of cases that were decided before this Court issued its Order on August 22, 2013.[4] It should go without saying that "new evidence" means material discovered after a judgment or order that could not have been found with due diligence beforehand and that could

---

[2] *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011); *see also Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

[3] *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[4] The Court finds it particularly curious that the Commonwealth identifies as new evidence "three orders and opinions by Judge Richard A. Caputo" of the Middle District of Pennsylvania. Doc. No. 44-1, at 9. In its Order, this Court cited the same causes of action that the Commonwealth cites in its Motion for Reconsideration. The orders of Judge Caputo entered on August 16, 2013, were in no way unavailable before this Court's Order of August 22, 2013. More to the point, the Commonwealth asserted early in these proceedings that this Court should abstain from ruling on the FCDO's motion to dismiss in part because of the Commonwealth's "important interest in ensuring that the practice of law in Pennsylvania state courts is ethical." Doc. No. 6, at 16. Notwithstanding Judge Caputo's Orders, two cases from the Eastern District of Pennsylvania with materially indistinguishable facts have come down in favor of the FCDO. No. 13-cv-2242 (Order of Sept. 6, 2013); No. 13-cv-1871 (Order of Aug. 15, 2013). The Commonwealth's heavy reliance on Judge Caputo's decision while turning a blind eye to cases from this jurisdiction that are also directly on point and directly adverse to its position smacks of the kind of lawyerly gamesmanship that the Pennsylvania Rules of Professional Conduct seek to stem. *See* Pa. R. Professional Conduct 3.3(a)(2). And although the Commonwealth filed is motion for reconsideration one day before Judge Schiller's order in No. 13-2242, the Court notes that the Commonwealth's duties of candor "continue to the conclusion of the proceeding." *Id.* 3.3(c).

be used to prove a fact.[5] New evidence is not additional legal argumentation that the Commonwealth could have relied on in its briefing but did not, and it is certainly not a case that the Court has already cited.

Because there has been no intervening change in controlling law nor has the Commonwealth adduced new evidence, the only possible ground for reconsideration is to correct a clear error of law or fact or to prevent manifest injustice. The Commonwealth has failed to allege any ground sufficient to grant its motion.

*A. The "Heightened Burden" Argument*

In its Motion, the Commonwealth argues that the FCDO as a "private party" needs to meet a higher burden for removal than a federal officer and then jumps to the conclusion that this "heightened burden" means that the federal officer removal statute should be strictly construed and all doubts resolved in favor of remand. Because remand is favored, the argument continues, this Court should grant the Commonwealth's motion for reconsideration.

Based on the cases cited by the Commonwealth, the Court understands it to argue that because the FCDO is not itself a federal officer, it needs to establish that it acted under the "direct and detailed control" of a federal officer in performing the acts relevant to the removed controversy.[6] Otherwise, the FCDO may not remove pursuant to 28 U.S.C. § 1442. This argument just renews the Commonwealth's earlier rejected position (and one that it conceded in a different, related case)[7] that the FCDO does not act under a federal officer. The

---

[5] *See* Black's Law Dictionary 635 (9th Ed. 2009) (defining "evidence" as "[s]omething (including testimony, documents and tangible objects) that tends to prove or disprove the existence of an alleged fact").
[6] E.g., *New Jersey Dep't of Envtl. Prot. v. Dixo Co., Inc.*, 2006 WL 2716092, at *3 (D.N.J. Sept. 22, 2006).
[7] No. 13-cv-1871, June 27, 2013, Hr'g Tr. 54:13-16.

3

Commonwealth has failed to demonstrate that the Court's prior ruling[8] was erroneous, let alone clearly so.

The Commonwealth's briefing states that because the FCDO is not a federal officer, "[t]his Court should have applied the standard that removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand."[9] But in support of that proposition, which runs directly counter to Supreme Court case law,[10] the Commonwealth cites a case interpreting 28 U.S.C. § 1441, the *general* removal statute, not the *federal officer* removal statute at issue here.[11] The Commonwealth cites nothing to suggest that when a non-federal officer acts under a federal officer, the interpretation of § 1442 changes dramatically; the cases merely make the commonsense point that when a private party seeks the protection of the Federal Officer Removal Statute, it needs to establish that for the purposes of the lawsuit at hand it may as well be a federal officer.[12] Characterizing this requirement as a "special burden" does not make removal impossible. And even if a strict construction of § 1442 were appropriate, that would not end the inquiry into whether the FCDO may remove, as the Commonwealth appears to argue it would.[13]

---

[8] Doc. No. 43.
[9] Doc. No. 44-1, at 6.
[10] *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007) ("The words 'acting under' are broad, and this Court has made clear that the statute must be 'liberally construed.'").
[11] Doc. No. 44-1, at 6 (citing *Brown v. Jevic*, 575 F.3d 322 (3d Cir. 2009)). *Brown* also analysed the bankruptcy removal statutes and the Class Action Fairness Act of 2005. *Id.* at 325.
[12] *Freiberg v. Swinerton & Walberg Prop. Servs., Inc.*, 245 F. Supp. 2d 1144, 1150 (D. Colo. 2002) ("[P]rivate actors seeking to benefit from [§ 1442's] provisions bear a special burden of establishing the official nature of their activities.").
[13] As the Commonwealth puts it: "this Court applied a broad construction of § 1442 when it should have applied the more strict construction of § 1442 in favor of state court adjudication of the Commonwealth's state court pleading to appoint new counsel for Harris for his state court proceeding. Consequently, the Commonwealth respectfully requests that this Court grant the Commonwealth's instant motion to reconsider and remand this case to state court." Doc. No. 44-

4

The FCDO has convinced the Court that it acts under federal officers because it conducts federally-funded legal assistance programs and provides a service to indigent defendants that the "Government itself would [otherwise] have had to perform."[14] The Court will not disturb its prior ruling here.

B. *The "Person" Argument*

Next, the Commonwealth argues for the first time that the FCDO is not a "person" for federal removal purposes but a "group" or subunit of the Defender Association of Philadelphia.[15] The FCDO responds that the removing party in the case is the Defender Association of Philadelphia, an independent, non-profit corporation.

In its Memorandum Opinion of August 26, 2013, this Court held that the FCDO is a person for the purposes of its analysis of the pending motions. It based its ruling on the fact that the FCDO is a part of the Defender Association of Philadelphia. It would have been more precise to state that for the purposes of the Court's discussion, the Court would, as a shorthand, refer to the Defender Association as the FCDO because the Commonwealth appears to object to the Defender Association's practices in managing the FCDO. In any event, the removing party is indeed the Defender Association of Philadelphia.

The Defender Association manages the FCDO and acts under a federal officer for all the reasons stated above and in this Court's Memorandum Opinion of August 26, 2013. Because the FCDO is a part of the Defender Association, it is not possible to direct a civil action against the FCDO without simultaneously targeting the Defender Assocation. The Defender Association is a

---

1 at 7. The sentence beginning "Consequently" is a classic non sequitur; a strict reading of the statute would not bar removal in all cases.

[14] *Id.* at 154.

[15] Although "a motion for reconsideration should not raise new arguments that the party could have made previously," *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013), in the interest of completeness and because it raises jurisdictional issues, the Court will address this argument.

nonprofit corporation. It is beyond dispute that corporate entities are "persons" within the meaning of the removal statute.[16] The fact that both parties and this Court have consistently referred to the party seeking removal here as "the FCDO" does not change the fact that the party alleged to have violated 18 U.S.C. § 3599 and the person who removed pursuant to § 1442 is the Defender Association.

## III. Conclusion

A motion for reconsideration is not an opportunity to relitigate issues that have been thoroughly addressed before. Absent a change in controlling law, newly discovered evidence, a showing of clear legal error beyond a mere difference of opinion, or the need to prevent manifest injustice, a motion to alter or amend a judgment will be denied. This motion disingenuously casts legal argument that the Court has already rejected as "new evidence." It also advances a specious and sophistic characterization of the legal status of the removing party. For the reasons stated in this Opinion and the Opinion of August 22, 2013, the Commonwealth's Motion for Reconsideration is denied. An appropriate Order follows.

---

[16] *Bouchard v. CBS Corp.*, No. 11-66270, 2012 WL 1344388, at *9 (E.D. Pa. Apr. 17, 2012).